JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SHON OLIVENTA WILLIAMS, | No. CV 21-6587-MWF (PLA) |
| Petitioner, | **ORDER DISMISSING PETITION** |
| v. | |
| GLEN E. PRATT, et al., | |
| Respondents. | |

## I

## BACKGROUND

Shon Oliventa Williams ("petitioner") initiated this action on August 12, 2021, by filing a Petition for Review, which the Court construes as a Petition seeking habeas relief under 28 U.S.C. § 2254 ("Petition"). In June 2016, petitioner was convicted in the Los Angeles County Superior Court, case number YA093048, after pleading no contest to carjacking (Cal. Penal Code § 215). He received a sentence of fifteen years in state prison. (ECF No. 1 at 2[1]). In the Petition, he requests an injunction requiring the warden of his current facility, the California Rehabilitation

---

[1] For ease of reference, the Court refers to the ECF-generated page numbers when citing to the Petition.

Center ("CRC") located in Riverside County, to initiate the recall of his sentence pursuant to California Penal Code § 1170(d)(1).  (ECF No. 1 at 3-4).

Petitioner has filed two previous habeas actions in this Court seeking sentencing relief.  First, on April 5, 2021, he filed a Petition in case number CV 21-3036-MWF (PLA) (the "3036 Petition") that raised the following claims:  (1) he was entitled to a sentence recall under California Penal Code § 1170(d)(1) based on his exemplary conduct in prison; and (2) under California Senate Bill 1393 ("SB 1393"), his "nickel prior" -- i.e., a five-year sentence enhancement based on a prior serious felony conviction -- should be dismissed.  (CV 21-3036, ECF No. 1 at 5-6).  Soon after, on April 13, 2021, petitioner filed a second Petition in case number CV 21-3375-MWF (PLA) (the "3375 Petition") raising the same claims under section 1170(d)(1) and SB 1393 as well as an additional claim for sentencing relief under the Los Angeles County District Attorney's policy on resentencing, Special Directive 20-14, issued in December 2020.[2]  (CV 21-3375, ECF No. 1 at 5-10).

In the CV 21-3036 and CV 21-3375 habeas actions, the Magistrate Judge ordered petitioner to show cause why the respective Petitions should not be dismissed on the ground that the claims only involved state law issues and were not cognizable on federal habeas review.  (CV 21-3036, ECF No. 4; CV 21-3375, ECF No. 8).  Petitioner subsequently dismissed both of his prior Petitions voluntarily.  (CV 21-3036, ECF No. 6; CV 21-3375, ECF No. 10).

II

**DISCUSSION**

As petitioner has been repeatedly informed via the Orders to Show Cause issued in response to his 3036 Petition and 3375 Petition, he may seek federal habeas relief from his state court conviction or sentence only if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a); Swarthout v.

---

[2] See https://da.lacounty.gov/sites/default/files/pdf/SPECIAL-DIRECTIVE-20-14.pdf (last visited August 23, 2021).

Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review.  See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Here, petitioner seeks an injunction requiring the warden at CRC to recommend a sentence recall pursuant to California Penal Code § 1170(d)(1).  In support, petitioner alleges he was transferred to CRC because his previous prison closed, and that before his transfer the warden at his previous prison had reviewed petitioner's case and determined he met the criteria for a sentence reduction under section 1170(d)(1) because his conduct while in custody has been exceptional.  Petitioner now "requests an injunction forcing [his current warden] to initiate [his] sentence recall based on post conviction factors." (ECF No. 1 at 4).

California Penal Code § 1170(d)(1) provides in pertinent part that the sentencing court may, in the interest of justice, order a sentence recall and resentence a defendant to a reduced term at any time upon the recommendation of the secretary of the California Department of Corrections and Rehabilitation, the Board of Parole Hearings, or the district attorney of the county in which the defendant was sentenced.  Cal. Pen. Code § 1170(d)(1).  The sentencing court may consider post-conviction factors such as the inmate's disciplinary record and record of rehabilitation while incarcerated; evidence indicating whether the inmate's age, time served, and diminished physical condition have reduced his risk for future violence; and evidence indicating that circumstances have changed since the original sentencing so that the inmate's continued incarceration is no longer in the interest of justice.  Id.

A claim seeking relief under California Penal Code § 1170(d)(1) pertains solely to the application of California sentencing law.  Accordingly, such a claim is not cognizable on federal habeas review.  See, e.g., Bailey v. Sherman, 2020 WL 4372118, at *2-3 (C.D. Cal. June 30, 2020) (claim seeking recall and resentencing under section 1170(d)(1) is not cognizable), Report

and Recommendation accepted, 2020 WL 4368062 (C.D. Cal. July 30, 2020); Mills v. Marsh, 2020 WL 1180433, at *3 (C.D. Cal. Jan. 9, 2020) ("Whether Petitioner is entitled to resentencing [under section 1170(d)(1)] is a question pertaining solely to state law, rendering it noncognizable on federal habeas review."), Report and Recommendation accepted, 2020 WL 5202073 (C.D. Cal. Sept. 1, 2020); Nichols v. Pfeiffer, 2019 WL 4014429, at *7 (C.D. Cal. Aug. 26, 2019) (resentencing claim pursuant to section 1170(d)(1) not cognizable).

      Not only is a claim under section 1170(d)(1) not cognizable, the Court also finds that petitioner's request for injunctive relief does not fall within the "core of habeas." "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]" Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (quotations and citation omitted). A habeas petition is the exclusive vehicle for claims brought by state prisoners that fall within "the core of habeas" (id.), meaning an attack on "the very duration of [a prisoner's] physical confinement itself." Preiser v. Rodriguez, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). When success on a petitioner's habeas claim would not necessarily lead to an immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." Nettles, 830 F.3d at 934-35. Here, if the warden at CRC initiated a sentence recall under section 1170(d)(1) as petitioner requests, it is entirely speculative whether the sentencing court, upon consideration of the relevant factors in petitioner's case, would in fact reduce petitioner's sentence. Thus, because the warden's recommendation would not necessarily affect the duration of petitioner's confinement, the Court lacks habeas jurisdiction over petitioner's claim for injunctive relief.[3]

---

[3]    The Court notes that petitioner attached a Civil Rights Complaint pursuant to 42 U.S.C. 1983 ("Complaint") to the Petition. (ECF No. 1 at 160-65). The Complaint also seeks an injunction requiring the warden at CRC to initiate petitioner's sentence recall under section 1170(d)(1), as well as the dismissal of a five-year sentence enhancement under SB 1393. (Id. at 165). Petitioner states in the Complaint that he previously filed his request for an injunction concerning his sentence recall in the United States District Court for the Eastern District of California. (ECF No. 1 at 160). Petitioner apparently included the Complaint in his habeas filing in this Court because he now believes "the injunction [request filed in the Eastern District] may be moot" as a result of his recent transfer to a prison facility located in the Central District. (Id. at 160). Petitioner did not
(continued...)

Additionally, to the extent petitioner seeks the dismissal of a five-year sentence enhancement under SB 1393, he fails to present a cognizable federal habeas claim. Effective January 1, 2019, SB 1393 amended section 1385 of the California Penal Code to eliminate the prohibition against striking five-year enhancements for prior serious felonies under California Penal Code § 667(a). This resulted in state trial courts having discretion to strike such enhancements. See People v. Dearborne, 34 Cal. App. 5th 250, 268 (Cal. App. 4 Dist. 2019). As numerous district courts have determined, a claim seeking sentencing relief under SB 1393 is purely a state law matter.[4] See, e.g., Burchett v. Martel, 2020 WL 1847131, at *2 (C.D. Cal. Mar. 11, 2020) ("Petitioner's allegations that he is entitled to the benefit of S.B. 1393 involve solely the alleged misapplication of California sentencing law . . . [and] fail to state a cognizable federal claim."), Report and Recommendation accepted, 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020); see also Bush v. Davis, 2020 WL 7043882, at *2-3 (N.D. Cal. Dec. 1, 2020) (concluding that a claim under

---

[3](...continued) attach any copies of his filings or court orders in his Eastern District case.

Based on petitioner's assertions, it appears he is currently litigating his request for an injunction under section 1170(d)(1) in the Eastern District. Petitioner is advised that he may not file pleadings in this Court to comply with his filing requirements in the Eastern District case. Petitioner is further advised that, to the extent he seeks to raise civil rights claims in this Court, a civil rights complaint must be brought *in a separate civil rights action* pursuant to 42 U.S.C. § 1983. The Court declines to exercise discretion to construe this habeas action as a civil rights complaint for the following reasons. First, the filing fee for a habeas petition is $5, while the filing fee for a civil rights case is $350 plus an administrative fee of $52. Even if a prisoner is granted *in forma pauperis* status with respect to filing a civil rights action, the prisoner is still liable for *the full amount of the $350 filing fee*, by way of deductions from the prisoner's institutional account. See 28 U.S.C. § 1915(b)(1). Converting the instant Petition to a civil rights action would require petitioner to pay the larger filing fee, which he may not wish to do -- especially since it appears he is already litigating his request for an injunction in the Eastern District. Next, to raise a cognizable civil rights claim, petitioner would need to demonstrate a violation of federal law. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law."). As explained herein, petitioner's sentencing claims involve state law issues and do not implicate federal law.

[4] In any event, SB 1393 applies retroactively to cases that were not yet final when it went into effect on January 1, 2019. See Dearborne, 34 Cal. App. 5th at 268. Here, because it appears that petitioner's 2016 conviction became final well before that date, he would be ineligible for SB 1393 relief under California law.

SB 1393 involves a state law matter and is not cognizable, and listing federal district court cases that have rejected SB 1393 claims for failure to state a cognizable federal habeas claim).

Likewise, to the extent petitioner seeks habeas relief pursuant to the Los Angeles County District Attorney's policy on resentencing, Special Directive 20-14, he fails to allege a cognizable federal claim. Indeed, such a claim relates only to the application of a county policy and does not even implicate any state law.

In light of the foregoing, the Court **dismisses** the Petition **with prejudice** on the basis that petitioner failed to state a cognizable federal habeas claim.[5]

### III

### CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

---

[5] The Court's dismissal is directed only at petitioner's habeas claims set forth in the Petition. The Court makes no ruling regarding petitioner's Civil Rights Complaint that he attached to the Petition, other than that it is *not* being filed in as a separate action for the reasons stated herein.

Here, reasonable jurists would find that the Court correctly determined that the Petition should be dismissed for the reasons set forth above. Accordingly, a certificate of appealability is **denied**.

## IV
## ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice**. A certificate of appealability is also **denied**.

DATED:  August 24, 2021

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE